UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                         CASE NO. 8:96-CR-428-T-17TGW

MIGUEL ANGEL GOICOCHEA-PINEDA.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 468 | Amendment 782 Memorandum |
| Dkt. 473 | Amended Amendment 782 Memorandum |
| Dkt. 475 | Motion for Retroactive Application of Sentencing Guidelines Pursuant to Amendment 782 |
| Dkt. 477 | Response |
| Dkt. 480 | Reply |

Defendant Miguel Angel Goicochea-Pineda moves for a reduction of Defendant's term of imprisonment to 324 months or time served, whichever is greater, pursuant to 18 U.S.C. Sec. 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines. Amendment 782 has the effect of lowering Defendant's base offense level from 38 to 36. Because Amendment 782 has the effect of lowering Defendant Goicochea-Pineda's guideline range, Defendant's previously imposed term of imprisonment of 360 months may be reduced by up to 36 months. (Dkt. 475, p. 2).

The Government opposes Defendant's Motion. The Government contends that Defendant Goicochea-Pineda is not eligible for relief based on drug quantity.

1. Background

Defendant Miguel Angel Goicochea-Pineda proceeded to a jury trial in 1998 on Counts 1, 3, 8, 9, 10, and 11 of the Superseding Indictment, and was found guilty. Defendant Goicochea-Pineda was sentenced on May 7, 1998 to a term of imprisonment of 360 months, concurrent, on Counts 1 and 3, and a term of imprisonment of 48 months,

concurrent, on Counts 8, 9, 10 and 11; a term of supervised release of 10 years on Counts 1 and 3, concurrent, and a term of supervised release of 1 year on Counts 8, 9, 10 and 11, concurrent; fine waived, and a special assessment fee of $600.00.

At the time of sentencing the Court determined the following Guideline range:

| | |
|---|---|
| Total Offense Level: | 41 |
| Criminal History Category | III |
| Imprisonment Range: | 360 months to Life imprisonment |
| Supervised Release Range | 10 years – Counts 1 and 3 |
| | 1 year – Counts 8, 9, 10, 11 |
| Fine Range: | $25,000 to $16,000,000 |

In the PSR, Defendant's base offense level is 38, adjusted for role in the offense (+3), for a Total Offense Level of 41. (Dkt. 473, pp. 16-17).

The Amendment 782 Memorandum (Dkt. 468) indicates that the Drug Quantity Table remains at level 38 (93,574 kilograms of marijuana equivalency).

The Amended Amendment 782 Memorandum (Dkt. 473) indicates that Defendant Goicochea-Pineda is eligible for sentence reduction. Under the Amended Guideline, the Total Offense Level is 39, with Criminal History Category of III, and an imprisonment range of 324 to 405 months.

The Bureau of Prisons' Designation and Sentence Computation Center has confirmed that Defendant Goicochea-Pineda is serving the remainder of his sentence through a prison transfer treaty, with a current projected release date of March 6, 2023.

2. Discussion

Defendant Goicochea-Pineda argues that Defendant's base offense level is now 36, his total offense level today is 39, with a corresponding amended guideline range of 324 to 405 months imprisonment. Defendant argues that the Court may reduce the previously imposed term of imprisonment by up to 36 months.

In the Response, the Government argues that Defendant Goicochea-Pineda is not eligible for a sentence reduction based on drug quantity. At sentencing Defendant Goicochea-Pineda was held accountable for 50 lbs. of methamphetamine and 2500.7 grams of actual methamphetamine. At the time of sentencing, this amount was converted to 47,687 kilograms of marijuana, base offense level of 38.

The Government argues that the Sentencing Commission retroactively repromulgated the drug equivalency table by incorporating a revision to the conversion rate for both methamphetamine and actual methamphetamine to marijuana. *See* USSG App. C, Amend. 750 (Part A); ***United States v. Womack***, 833 F.3d 1237 (10th Cir. 2016). Under Amendment 750, Defendant Goicochea-Pineda is responsible for an equivalency of 95,374 kilograms of marijuana. The Government argues that Amendment 782 does not lower Defendant Goicochea-Pineda's sentencing range, and therefore Defendant's sentence may not be reduced pursuant to 18 U.S.C. Sec. 3582(c)(2).,

In the Reply, Defendant Goicochea-Pineda argues that Amendments 555 and 594 revised upward the conversion rates for methamphetamine and actual methamphetamine but these Amendments were not made retroactive. Defendant Goicochea-Pineda argues that the conversion made at the time of sentencing and the resulting drug quantity upon which Defendant's base offense level was calculated should control for purposes of the retroactive Amendments to the Guidelines. *See* USSG 1B1.11(b)(2) and commentary.

A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently reduced by two levels the base offense levels that apply to most drug offenses under §§ 2D1.1 and 2D1.11. U.S.S.G. App. C, Amend. 782 (2014). At sentencing, the Court adopted the factual findings and guideline application in the PSR. The Court's factual determinations at sentencing are binding. The district court is to leave all of its previous factual decisions intact when considering a motion for sentence reduction. ***United States v. Cothran***, 106 F.3d 1560, 1562 (11th Cir. 1997). In a Sec. 3582(c)(2) proceeding "all original sentencing determinations remain unchanged with the sole exception of the guideline range which has been amended since the original sentencing." ***United States v. Glover***, 377 F.Supp.3d 1346, 1357 (S.D. Fla. 2019)(citing ***United States v. Bravo***, 203 F.3d 778, 781 (11th Cir. 2000)).

When a defendant moves to reduce his term of imprisonment because the Sentencing Commission has lowered his guideline range, 18 U.S.C. § 3582(c), the district court must undertake a two-step analysis. **United States v. Bravo**, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed" based on its other original sentencing decisions. *Id.* Second, the district court must decide, in the light of the statutory sentencing factors, 18 U.S.C. § 3553(a), "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Bravo*, 203 F.3d at 781.

After consideration, the Court finds that application of Amendment 782 results in a Total Offense Level of 39. With a Criminal History Category of III, the amended guideline range is 324 to 406 months imprisonment. After considering the Section 3553(a) factors, the public safety and post-sentencing information, the Court grants Defendant Goicochea-Pineda's Motion for Retroactive Application of the Sentencing Guidelines Pursuant to Amendment 782. Accordingly, it is

**ORDERED** that Defendant Miguel Angel Goicochea-Pineda's Motion for Retroactive Application of the Sentencing Guidelines Pursuant to Amendment 782 (Dkt. 475) is **granted**. Defendant's term of imprisonment is **reduced** to 324 months, or time served, whichever is greater. All other terms and conditions of Defendant's sentence remain unchanged (supervised release, fine, special assessment fee)

**DONE and ORDERED** in Chambers in Tampa, Florida on this 26th day of November, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record